```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**JOSEPH LAROSA and DOMINICK**
**LAROSA,**

        **Plaintiffs,**

**v.**                  //    CIVIL ACTION NO. 1:07CV78
                                          (Judge Keeley)

**ANDREA PECORA, also known as**
**Andrea Fucillo, JENNIFER LAROSA**
**WARD, CHRIS WARD, VIRGIL D. LAROSA,**
**SANDRA LAROSA, and CHEYENNE SALES,**
**CO., INC.,**

        **Defendants.**

### ORDER DENYING INDIVIDUAL DEFENDANTS' MOTION TO DISMISS

On November 6, 2007, the Court conducted a scheduling conference during which it heard argument on a motion filed by defendants Andrea Pecora, also known as Andrea Fucillo, Jennifer LaRosa Ward, Chris Ward, Virgil D. LaRosa, and Sandra LaRosa (jointly "the Individual Defendants")to dismiss the complaint of the plaintiffs, Joseph Larosa and Dominick LaRosa ("the LaRosa Brothers"). The motion asserts two bases for dismissal, which, for the reasons stated on the record, and as discussed more fully below the Court **DENIES**.

### I. FACTS AND PROCEDURAL HISTORY

The facts and procedural history of this case are fully discussed in the Court's companion order denying Defendant Cheyenne

Sales Co.'s ("Cheyenne") motion to dismiss and will not be repeated here.

## II.  LEGAL ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Individual Defendants assert that the complaint of the LaRosa Brothers fails to state a claim on which relief may be granted because the defendants were not recipients of any transfers and, therefore, are not proper parties in this action.  In addition, they assert that the applicable statute of limitations has run.

### A. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  In ruling on a Rule 12(b)(6) motion, a court must "take all wellpleaded material allegations of the complaint as admitted and view them in the light most favorable to the plaintiff."  Dunn v. Borta, 369 F.3d 421, 423 n.1 (4th Cir. 2004) (quoting, DeSole v. U.S., 947 F.2d 1169, 1171 (4th Cir. 1991).  "In general, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief."  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

### B. <u>12(b)(6) Claims</u>

#### 1. Failure to State a Claim Against the Individual Defendants

According to the Individual Defendants, the complaint fails to allege that they were the recipients or beneficiaries of any of the fraudulent transfers alleged in this case. They contend that any allegedly fraudulent money transfers made by Virgil D. LaRosa and Jennifer LaRosa, ("the Debtors") were either made to Cheyenne or Huntington National Bank, not to them. The Individual Defendants further assert that other allegedly fraudulent transfers referenced in the complaint were made by Cheyenne, not the Debtors, and, in any case, again, they were not the recipients or beneficiaries.

Pursuant to West Virginia Code § 40-1A-8, in a suit to recover for fraudulent transfers, a "judgment may be entered against (1) the first transferee of the asset or the person for whose benefit the transfer was made; or (2) [a]ny subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee." Applying the statute to this case, it is clear that if any of the alleged transfers were made to the Individual Defendants, or made for their benefit, a judgment may be entered against them, and, thus, they are proper parties. In addition, under the statute, the Individual Defendants need not be

the original transferees, so long as they were not a subsequent transferee in good faith.

The complaint alleges that at least some of the allegedly fraudulent transfers were made for the benefit of the Individual Defendants. For example, the "Renewal Lease" entered into by Cheyenne and the Individual Defendants, and personally guaranteed by the Debtors, allegedly "confer[ed] extraordinary benefits upon all of the Individual Defendants, including, *inter alia,* the right to have Cheyenne and/or the debtors pay up to $700,000 in additional rent beyond the proposed monthly payments provided therein."

The LaRosa Brothers contend that the $700,000 was fraudulently transferred to Cheyenne by the Debtors when the Debtors personally guaranteed a $950,000 line of credit for Cheyenne. The line of credit was then drawn down by $700,000, and those funds were placed in an escrow account. Pursuant to the terms of the "Renewal Lease," these funds are to be used either for reclamation of the land upon which Cheyenne is situated, or to pay "deferred rent" to the Individual Defendants. Because the Individual Defendants own the land upon which Cheyenne sits, they either will avoid reclamation liability associated with Cheyenne's mining operation or will recover the money as "deferred rent." In either case, the

complaint alleges that they benefit from the transfers resulting in the $700,000 being placed in the escrow account.

The complaint also alleges that the Individual Defendants are the recipients and intended beneficiaries of alleged fraudulent transfers consisting of "non-arms length dealings and agreements between Cheyenne, the Debtors, and one or more of the Individual Defendants and/or their affiliates." As a basis for this allegation, the complaint asserts that one of the Individual Defendants, Virgil David LaRosa, received significant compensation and benefits from Cheyenne when his father, one of the Debtors, placed him in control of the day-to-day operations of Cheyenne. Moreover, the other Individual Defendants allegedly also personally benefitted from this arrangement because, under Virgil David LaRosa's control, Cheyenne performed various services for them and entered into agreements with entities in which they had an interest, even when doing so was unfavorable to Cheyenne. Ultimately, according to the complaint, the Individual Defendants received over eight and a half million dollars in compensation and benefits from Cheyenne during the time period beginning in 1996 and running through the first quarter of 2005.

The complaint pleads with sufficient factual predicate that the Individual Defendants were the intended beneficiaries of one or more allegedly fraudulent transfers, and were the transferees of

one or more of those transfers.  The Court, therefore, **DENIES** the motion to dismiss on this ground.

### 2. Statute of Limitations

The Individual Defendants also assert a defense based on the applicable statute of limitations, as set forth in West Virginia Code § 40-1A-9.  Their argument is essentially the same as that advanced by Cheyenne in its motion to dismiss.  For the reasons explained in the Court's order denying Cheyenne's motion, the Court **DENIES** the Individual Defendants' motion to dismiss on this ground.

### III. CONCLUSION

For the reasons stated, the Court **DENIES** the Individual Defendants' motion to dismiss (dkt. no. 11).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: November 27, 2007.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE