IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH LaROSA and
DOMINICK LaROSA
       Plaintiffs,

vs.                                              CIVIL ACTION NO. 1:07CV78

ANDREA PECORA, aka ANDREA
FUCILLO; JENNIFER LaROSA WARD;
CHRIS WARD; VIRGIL DAVID LaROSA;
SANDRA LaROSA; and CHEYENNE SALES
COMPANY, INC.,
       Defendants.

## AMENDED ORDER/OPINION

On October 6, 2008 Defendant, Cheyenne Sales Company, Inc., hereinafter called "Cheyenne", filed its Motion For Partial Relief From Arbitration Protocol and Motion To Expedite Hearing (DE 186) seeking therein "partial relief from the arbitration protocol except as to the sealed Courtney F. Foos Coal Company, Inc.'s documents and testimony regarding the subject matter of the documents and to expedite the hearing on said motion." On October 6, 2008 Cheyenne filed its Amended Motion for Partial Relief (DE 187). Both DE 186 and DE 187 ask for essentially the same relief. DE 186 has not been retired from the docket of motions actively pending before the Court. Plaintiffs filed their Opposition To The Amended Motion For Relief From Arbitration Protocol" on October 20, 2008 (DE 191). Defendant Cheyenne filed its Reply on October 28, 2008 (DE 192).

The matter is ripe for consideration by the Court on the filings made as the issues are not complex, do not require the taking of evidence, and, as shown by the following, involve an issue previously addressed by the Court.

On September 4, 2008, the Court entered an Order in this action (DE 182) which, in part, granted the following specific relief:

Upon consideration of all which, the Court, in an attempt to meet the myriad of

objections raised to the Court's originally suggested scheduling changes, **NOW ORDERS:**

1) the depositions of the Plaintiffs, Lough, Harris, and the three experts are to be completed by October 10, 2008;
2) the supplemental disclosures regarding the newly-named witnesses remains due by October 10, 2008; 26(f) disclosures of 5 of the 6 witnesses to be deposed by October 30, but discloses by October 20, 2008, as to whether they are needed, including Mr. Courtney Foos;
3) **that neither the arbitration protocol nor the prior case protective order is lifted as to Mr. Foos**;
4) **the arbitration protocol protective order remains in force and effect as to Mr. Foos and as to anything introduced via the five other witnesses regarding Mr. Foos; and**
5) **as to any other testimony except as may involve Foos, the witnesses' testimony is released from the protection of the arbitration protocol if they are to be considered as witnesses.** (Emphasis Added).

Counsel in the instant motion (DE 187 and DE 186) and Response thereto apparently construe the language of the September 4, 2008 Order to limit the lifting of the arbitration protocol only "to those witnesses listed in Cheyenne's supplemented disclosure of witnesses."

The Order's language is broader, speaks for itself, and released "as to any other testimony... the witnesses' testimony." While it is true that the focus of the hearing was on witnesses listed in Cheyenne's supplemental disclosure of witnesses, it was the Court's recollection in writing the order and in the plain language of the order that it did not want to have to revisit the release of the arbitration protocol issue except as to Mr. Foos and accordingly included the broad language to release the testimony of any witness in the arbitration proceeding who was also going to be a witness in this civil action from the protection of the arbitration protocol except insofar as the same involved Mr. Foos. To now do otherwise would be inconsistent with the ruling previously made by the September 4, 2008 Order and result in inconsistent rulings.

To the extent the Parties and their counsel are unclear as to what the Order of September 4, 2008 provided with respect to what witnesses testimony was being released from the arbitration protocol, the Court again finds that discovery in this civil action requires the release from the

Arbitration Protocol of those witnesses who appeared and provided testimony to the Arbitration Panel insofar as they are parties or witnesses of parties in this civil action. Otherwise, frustration of the discovery process could occur and duplication of effort will be required at great cost to the parties.

Accordingly, the relief sought Plaintiff's motion and Amended Motion (DE 186 and 187) is in part **GRANTED**. The arbitration protocol is released as to any person or entity that is a party or a named witness for any party or entity to this civil action **except insofar as that witnesses' testimony may involve the sealed Courtney F. Foos Coal Company, Inc.'s documents.**

To the extent that Cheyenne's Motion seeks release of Courtney F. Foos Coal Company, Inc's documents from the protection of the arbitration protocol because Cheyenne intends to call Courtney F. Foos as a witness, in the event Cheyenne is unable to reach an accommodation with Courtney F. Foos, (not a party in this civil action) with respect to release from the protocol for "the few sealed documents and testimony involving Foos Coal and Regal Coal Co., Cheyenne **may timely** seek new and additional relief from the Court.

**THE CLERK IS DIRECTED TO RETIRE DE 186 AND 187 FROM THE DOCKET OF MOTIONS ACTIVELY PENDING BEFORE THE COURT.**

It is so **ORDERED**.

The United States Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record; any litigants appearing *pro se*; and any entity or individuals named who are not party to the action.

DATED: November 7, 2008

/s/ *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE