IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH LAROSA and DOMINICK LAROSA,

    Plaintiffs,

v.                                   Civil Action No. 1:07CV78
                                                                      (STAMP)

ANDREA PECORA, also known as Andrea Fucillo,
JENNIFER LAROSA WARD, CHRIS WARD,
VIRGIL D. LAROSA, SANDRA LAROSA
and CHEYENNE SALES CO., INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING AS FRAMED PLAINTIFFS' MOTION TO STRIKE THE
MARCH 11, 2008 JUDGMENT ORDER AS AN EXHIBIT TO
CHEYENNE'S MOTION AND ALL REFERENCED TESTIMONY
AND EXHIBITS FROM THE ARBITRATION**

I.   Background

A short statement of already familiar facts may be useful. The plaintiffs, Joseph and Dominick LaRosa (the "LaRosa brothers"), loaned $800,000.00 to Virgil Benito and Joan LaRosa (the "debtors"). After the debtors defaulted on this loan, the LaRosa brothers filed suit in the United States District Court for the District of Maryland, ultimately obtaining a judgment (the "Judgment") for $2,844,612.87, plus $10,000.00 in attorney fees and costs.

On June 12, 2007, the LaRosa brothers filed the above-styled civil action under the West Virginia Uniform Fraudulent Transfers Act ("WVUFTA"), W. Va. Code §§ 40-1A-1 et seq., contending that defendants Andrea Pecora, also known as Andrea Fucillo, Jennifer LaRosa Ward, Chris Ward, Virgil David LaRosa, and Sandra LaRosa

(the "individual defendants"), along with Cheyenne Sales Company, Inc. ("Cheyenne")[1], engaged in, or benefitted from, fraudulent transfers meant to hinder the LaRosa brothers' attempts to satisfy the Maryland Judgment.[2]

On March 30, 2009, this Court entered a memorandum opinion and order denying a motion for summary judgment on behalf of defendants Andrea Pecora, Jennifer Ward, and Chris Ward, denying a motion for partial summary judgment on behalf of the same, and denying defendant Cheyenne's motion for summary judgment.[3] Also in that memorandum opinion and order, this Court stated that it deferred a ruling on the plaintiffs' motion to strike the March 11, 2008 judgment order as an exhibit to Cheyenne's motion and all referenced testimony and exhibits from the arbitration because even considering those exhibits, whether Cheyenne engaged in

---

[1] Cheyenne is a coal tipple and cleaning facility located in Upshur County, West Virginia, on real property owned by the debtors' children, who happen to be the individual defendants in this case. Virgil Benito LaRosa was the sole shareholder of Cheyenne stock. Upon his death in the summer of 2006, the stock is now currently held by his estate.

[2] These alleged fraudulent transfers are numerous and thoroughly discussed in this Court's memorandum opinion and order denying the defendants' several motions for summary judgment. (Order at 3-6 (Mar. 30, 2009)).

[3] Specifically, this Court held that genuine issues of material fact remain in this case, including, but not limited to, whether the transfer of assets occurred, and if so, whether it was the debtors' property transferred, whether such property was transferred without receiving a reasonably equivalent value, and/or whether the property was transferred with the actual intent to hinder, delay, or defraud the debtors' creditors. (Order at 15-16 (Mar. 30, 2009)).

transactions within the ordinary course of business was a factual question that defeated summary judgment. Thus, the plaintiffs' motion to strike is still pending before this Court. After a thorough review of the record, and for the reasons set forth below, this Court now grants the plaintiffs' motion to strike the March 11, 2008 judgment order as an exhibit to Cheyenne's motion and all referenced testimony and exhibits from the arbitration.

## II. Discussion

The plaintiffs argue that the March 11, 2008 judgment order, attached as an exhibit to Cheyenne's motion for summary judgment, as well as all referenced testimony and exhibits from the arbitration proceeding subject to the judgment order referenced in Cheyenne's motion, should be stricken. In support of this motion, the plaintiffs argue that Joseph LaRosa was not a party in the prior arbitration, that the plaintiffs' present counsel was not counsel in that matter, and that the issues in the arbitration proceeding were not the same as those in the current civil action before this Court.

In response, Cheyenne argues that the judgment order conclusively establishes the basic business relationship between Dominick LaRosa and Virgil B. and Virgil David LaRosa by putting into context the alleged transfers cited as fraudulent in the plaintiffs' complaint. Further, Cheyenne contends that the judgment order has preclusive effect on the issue of a legitimate business relationship.

This Court finds that the March 11, 2008 judgment order and all referenced testimony and exhibits from the arbitration must be stricken from Cheyenne's motion for summary judgment. The relitigation exception applies to federal judgments which have claim-preclusive effect under the doctrine of res judicata and those which have issue-preclusive effect under the doctrine of collateral estoppel. Nationwide Mut. Ins. Co. v. Burke, 897 F.2d 734, 737 (4th Cir. 1990) ("Nationwide"). Claim preclusion bars "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." New Hampshire v. Maine, 532 U.S. 742, 748 (2001). Issue preclusion forecloses "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." Id. at 748-49.

Generally, a person who was not a party to the prior litigation, and who, therefore, did not have a full and fair opportunity to litigate the claims and issues resolved in that litigation, is not subject to the rules of claim- or issue-preclusion. Hansberry v. Lee, 311 U.S. 32, 40 (1940); Richards v. Jefferson County, 517 U.S. 793, 798 (1996).

However, the United States Supreme Court, in a decision which rejected the doctrine of nonparty preclusion by "virtual representation," has recently catalogued six categories of exceptions to the rule against nonparty preclusion. Taylor v.

Sturgell, 128 S. Ct. 2161, 2172-73 (2008). These exceptions include the following situations: (1) where a person has agreed to be bound by the resolution of issues in an action between others; (2) where "pre-existing 'substantive legal relationship[s]' exist between the person to be bound and the party to the judgment," such as the relationships between "preceding and succeeding owners of property, bailee and bailor, and assignee and assignor;" (3) where a nonparty was "'adequately represented by someone with the same interests who [wa]s a party' to the suit," such as class representatives in "properly conducted class actions, . . . trustees, guardians, and other fiduciaries;" (4) where a nonparty assumed control over the prior litigation; (5) where a nonparty acts as a proxy for a person who was a party to the prior adjudication; and (6) where a "special statutory scheme . . . 'expressly foreclos[es] successive litigation by nonlitigants . . . if the scheme is otherwise consistent with due process,'" such as "bankruptcy and probate proceedings, and quo warranto actions or other suits" which may be prosecuted only on behalf of the public at large." Id.

Whether a federal court judgment has preclusive effect is determined by federal common law. See Semtek Int'l v. Lockheed Martin Corp., 531 U.S. 497, 507-08 (2001). "For judgments in diversity cases, federal common law incorporates the rules of preclusion applied by the State in which the rendering court sits." Id. For judgments in federal-question cases, the "'uniform federal

rule[s]'" of preclusion are those developed by the federal courts, with the United States Supreme Court exercising "ultimate authority to determine and declare" such rules. Taylor, 128 S. Ct. at 2171 (quoting Semtek, 531 U.S. at 508). The plaintiffs filed suit pursuant to this Court's diversity jurisdiction. Therefore, West Virginia's preclusion rules apply. Under West Virginia law, the doctrine of issue preclusion, or collateral estoppel, bars litigation of a disputed issue where four factors are present:

> (1) The issue previously decided is identical to the one presented in the action in question; (2) there is a final adjudication on the merits of the prior action; (3) the party against whom the doctrine is invoked was a party or in privity with a party to a prior action; and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

State v. Miller, 459 S.E.2d 114, Syl. Pt. 1 (W. Va. 1995). Further, in applying West Virginia's rules of preclusion to a nonparty, this Court believes that the West Virginia Supreme Court of Appeals would be guided by the principles set forth in Taylor. See Conley v. Spillers, 301 S.E.2d 216 (W. Va. 1983) (relying upon federal case law in developing state collateral estoppel rules).

Here, the four elements necessary for issue preclusion to apply to the judgment order are not met. Most notably, the issue in this case is not identical to the one presented in the arbitration proceeding. The arbitration proceeding addressed whether a legitimate business relationship existed between Dominick LaRosa and Virgil B. and Virgil David LaRosa. See J. Order at 8 (Mar. 11, 2008) ("The Panel finds that Virgil D.'s parents, Virgil

6

B. and Joan LaRosa, owed a certain debt to Dominick and Joseph LaRosa, but makes no determination about the present amount of that debt or any obligation concerning repayment."). On the other hand, in this case, the issue is whether the defendants committed fraudulent transfers by either transferring property without receiving a reasonably equivalent value, and/or transferring property with the actual intent to hinder, delay, or defraud the debtors' creditors. See W. Va. Code § 40-1A-4(a). These issues are not identical. See J. Order at 8 (Mar. 11, 2008) ("No part of this ruling by the Panel is intended to affect any party's claims or issues in the bankruptcy proceeding or any other proceeding addressing such indebtedness and its repayment.").

To the extent that Cheyenne argues that the plaintiffs in this action were either a party or in privity with a party to the arbitration proceeding, this argument must fail. Cheyenne cannot dispute that Joseph LaRosa was not a party to the arbitration proceeding. See J. Order at 8 (Mar. 11, 2008) ("The Panel finds that Joseph LaRosa was not a party to the business arrangement between Dominick and Virgil D. that is the subject of this arbitration."). This Court is also not persuaded that Joseph LaRosa was in privity with Dominick LaRosa in the arbitration proceeding. See Gribben v. Kirk, 466 S.E.2d 147, 157 n.21 (W. Va. 1995) (stating that "something more is required for privity between the prior and present litigants than a common interest"). Moreover, none of the exceptions identified in Taylor operate to

7

apply nonparty preclusion, nor does Cheyenne even argue as much. Thus, this Court holds that the March 11, 2008 judgment order does not have preclusive effect in this civil action. Because Cheyenne attempts to use the March 11, 2008 judgment order as an exhibit to their summary judgment motion and references testimony from the arbitration within such motion to this effect, the plaintiffs' motion to strike is granted. Nevertheless, this does not preclude Cheyenne from seeking to introduce evidence from the March 11, 2008 judgment order and certain testimony from the arbitration as evidence at the trial if it is deemed by this Court to be admissible pursuant to Federal Rules of Evidence 401, 402, 403, and any other appropriate rule.

## III. Conclusion

Based upon the reasons set forth above, the plaintiffs' motion to strike the March 11, 2008 judgment order as an exhibit to Cheyenne's motion, and all referenced testimony and exhibits from the arbitration is GRANTED AS FRAMED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    May 21, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE