IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH LAROSA and DOMINICK LAROSA,

      Plaintiffs,

v.                                 Civil Action No. 1:07CV78
                                         (STAMP)
ANDREA PECORA, also known as Andrea Fucillo,
JENNIFER LAROSA WARD, CHRIS WARD,
VIRGIL D. LAROSA, SANDRA LAROSA
and CHEYENNE SALES CO., INC.,

      Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING AS MOOT INDIVIDUAL DEFENDANTS'
EMERGENCY MOTION TO STAY TRIAL,
GRANTING PLAINTIFFS' MOTION TO SEVER CLAIMS
AGAINST CHEYENNE SALES COMPANY, INC.,
DENYING AS MOOT INDIVIDUAL DEFENDANTS'
MOTION TO DISMISS FOR LACK OF STANDING AND
DENYING INDIVIDUAL DEFENDANTS' AMENDED
MOTION TO DISMISS FOR LACK OF STANDING**

I.  Background

The plaintiffs, Joseph and Dominick LaRosa (the "LaRosa brothers"), loaned $800,000.00 to Virgil Benito and Joan LaRosa (the "debtors"). After the debtors defaulted on this loan, the LaRosa brothers filed suit in the United States District Court for the District of Maryland, ultimately obtaining a judgment (the "Judgment") for $2,844,612.87, plus $10,000.00 in attorney fees and costs.

On June 12, 2007, the LaRosa brothers filed the above-styled civil action under the West Virginia Uniform Fraudulent Transfers Act ("WVUFTA"), W. Va. Code §§ 40-1A-1 et seq., contending that defendants Andrea Pecora, also known as Andrea Fucillo, Jennifer

LaRosa Ward, Chris Ward, Virgil David LaRosa, and Sandra LaRosa (the "individual defendants"), along with Cheyenne Sales Company, Inc. ("Cheyenne"),[1] engaged in, or benefitted from, fraudulent transfers meant to hinder the LaRosa brothers' attempts to satisfy the Maryland Judgment.[2]

Trial in this matter was set for April 6, 2009. On April 2, 2009, however, defendant Cheyenne filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code in the United States District Court for the Northern District of West Virginia. Accordingly, pursuant to 11 U.S.C. § 362 of the United States Bankruptcy Code, the present case as against defendant Cheyenne was automatically stayed.

The individual defendants immediately orally requested a stay of the trial scheduled to commence on April 6, 2009.[3] On April 3, 2009, Cheyenne filed an emergency motion for an order staying this matter with the United States Bankruptcy Court for the Northern District of West Virginia. The individual defendants filed a

---

[1]Cheyenne is a coal tipple and cleaning facility located in Upshur County, West Virginia, on real property owned by the debtors' children, who happen to be the individual defendants in this case. Virgil Benito LaRosa was the sole shareholder of Cheyenne stock. Upon his death in the summer of 2006, the stock is now currently held by his estate.

[2]These alleged fraudulent transfers are numerous and thoroughly discussed in this Court's memorandum opinion and order denying the defendants' several motions for summary judgment. (Order at 3-6, Mar. 20, 2009.)

[3]The parties disputed whether the bankruptcy court should enter an order staying the above-styled civil action against all party defendants.

response to the Cheyenne emergency motion to stay the action, as well as an emergency motion to stay the trial scheduled to commence on April 6, 2009.[4]  After a series of telephone hearings, this Court decided that a continuance of the case was appropriate in order that sufficient time for all briefing could take place in both the bankruptcy proceeding and in this civil action.  Thus, on April 3, 2009, this Court entered an order continuing the trial in this case until May 27, 2009.

Thereafter, the plaintiffs filed a motion to sever claims against Cheyenne pursuant to Federal Rule of Civil Procedure 21 to which both the individual defendants and Cheyenne filed responses, and the plaintiffs filed a joint reply.  Additionally, the individual defendants filed a motion to dismiss for lack of standing.  The individual defendants then filed an amended motion to dismiss for lack of standing, which is substantially similar to their original motion to dismiss.  The plaintiffs responded, and the individual defendants were not permitted to reply.[5]

Before this Court entered orders on these motions, however, the Honorable Patrick M. Flatley of the United States Bankruptcy Court for the Northern District of West Virginia issued an order in

---

[4]This response was filed both in the bankruptcy action and this civil action.

[5]The individual defendants filed their motion to dismiss on May 15, 2009, and their subsequent amended motion to dismiss on May 20, 2009.  Because the trial in this case was scheduled for May 27, 2009, insufficient time remained for standard briefing pursuant to Local Rule of Civil Procedure 7.02(b), and this Court entered an expedited briefing schedule.

In re: Cheyenne Sales Company, Inc., Bankruptcy Case No. 2:09-bk-00741, extending the automatic stay applicable to Cheyenne to include the individual defendants. Thereafter, in that action, the plaintiffs filed an emergency motion for reconsideration of the bankruptcy court's order extending the automatic stay to non-debtor parties, or in the alternative, for entry of an order terminating the stay as to the individual defendants. After conducting an expedited hearing on the plaintiffs' motion, the bankruptcy court granted the plaintiffs' request to lift the stay as to the individual defendants so that the above-styled civil action could proceed to trial.[6]

Accordingly, still pending before this Court and now ripe for review, are the following motions: the individual defendants' emergency motion to stay trial, the plaintiffs' motion to sever claims against Cheyenne, the individual defendants' motion to dismiss for lack of standing, and the individual defendants' amended motion to dismiss for lack of standing.[7] For the reasons set forth below, the individual defendants' emergency motion to stay trial is denied as moot; the plaintiffs' motion to sever claims against Cheyenne is granted; the individual defendants' motion to dismiss for lack of standing is denied as moot; and the

_____

[6]The stay as applied to Cheyenne remains.

[7]Because the individual defendants filed an amended motion to dismiss, their original motion to dismiss for lack of standing is denied as moot, and this Court considers only the amended motion to dismiss.

individual defendants' amended motion to dismiss for lack of standing is denied without prejudice.

## II. Discussion

### A. Individual Defendants' Emergency Motion to Stay Trial

In their emergency motion to stay the trial, the individual defendants primarily argued that Cheyenne's departure from the case less than a week before the originally-scheduled April 6, 2009 trial, pursuant to the automatic stay, prejudiced the individual defendants and their ability to adequately defend themselves against the plaintiffs' claims. This Court finds, and the individual defendants concede, that because the trial in this case was continued until May 27, 2009 in order that the bankruptcy court could consider whether the automatic stay extended to the individual defendants, this motion is now moot. Accordingly, the individual defendants' emergency motion to stay trial is denied as moot.

### B. Plaintiffs' Motion to Sever Claims Against Cheyenne

Following operation of the automatic stay of all judicial proceedings against Cheyenne, the plaintiffs filed a motion to sever claims against Cheyenne pursuant to Federal Rule of Civil Procedure 21. Specifically, noting that a district court has broad discretion in determinations of severance, the plaintiffs argued that the automatic stay did not apply to the individual defendants, that the individual defendants' defenses were separate and distinct

from those of Cheyenne, and that Cheyenne was not a necessary party in this civil action.

At a motions hearing conducted by this Court on May 26, 2009, the parties agreed that severance in this case was appropriate. This Court agrees. Accordingly, although not for the specific reasons argued in the plaintiffs' motion to sever claims, but because the bankruptcy court made certain rulings that lifted the automatic stay as to the individual defendants but kept the automatic stay as to Cheyenne, this Court grants the plaintiffs' motion to sever claims against Cheyenne.

C.    Individual Defendants' Motion to Dismiss

    1.    Applicable Law

The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction. A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982); Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975). A lack of subject matter jurisdiction may be asserted at any time by any interested party either in the form of the answer or in the form of a suggestion to the court prior to final judgment. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, at 201-02 (2d ed. 1990). Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction. No

presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  See Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  See Fed. R. Civ. P. 12(h)(3).

2. Discussion

The individual defendants argue that the plaintiffs lack standing to bring this suit under the WVUFTA.  In support of this argument, the individual defendants claim that the plaintiffs do not seek to recover for any transfers that occurred directly between the debtors and the individual defendants, but only for alleged transfers from Cheyenne to the individual defendants.  As relief, the plaintiffs are seeking, in part, ownership and beneficial interest in Cheyenne's property, avoidance of transfers involving Cheyenne's property, attachment of the property transferred from Cheyenne, and authorization to levy execution on the assets transferred from Cheyenne.  Because Cheyenne filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code, the individual defendants argue, "[i]f a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim." Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., Inc., 187 F.3d 439, 441 (4th Cir. 1999) (emphasis added).

This Court finds the individual defendants' arguments unpersuasive for a few reasons. First, as this Court held when it denied the defendants' various motions for summary judgment, genuine issues of material fact remain in this case, including whether the transfer of assets occurred, and if so, whether it was the debtors' property transferred. Indeed, evidence may show that Cheyenne is a conduit by which at least part of the debtors' property made its way to the individual defendants. See In re Chase & Sanborn Corp., 813 F.2d 1177, 1181-82 (11th Cir. 1987) ("In determining whether the debtor had control of funds transferred to a noncreditor, the court must look beyond the particular transfers in question to the entire circumstance of the transactions.").

Second, there is evidence sufficient to show that other than the claims in this lawsuit, the plaintiffs are not creditors of Cheyenne. Cheyenne does not list the plaintiffs in their Chapter 7 schedule. Thus, at least at this point, the evidence shows that the trustee of Cheyenne could not act for the plaintiffs to assert a claim. See Nat'l Am. Ins. Co., 187 F.3d at 441 ("The Sureties' causes of action are thus so similar in object and purpose to claims that the trustee could bring in bankruptcy court that the Sureties lack standing to pursue these claims in district court. Until the trustee has abandoned his potential fraudulent conveyance action, the Sureties cannot proceed with their claims in district court. In fact, this circuit has explicitly held that until there

is an 'abandonment' by the trustee of his claim the individual creditor has no standing to pursue it.").

Thus, for these reasons, this Court denies the individual defendants' amended motion to dismiss for lack of standing. As Judge Flatley noted when he ordered a lifting of the stay as against the individual defendants, there is likely no prejudice to the Cheyenne estate by permitting the stay to be lifted as to the individual defendants, and actually, proceeding in this civil action may resolve some claims in the Chapter 7 proceeding. Nevertheless, because evidence may present itself at the bench trial in this suit that may prove that the property transferred was, in fact, property of Cheyenne, this Court will deny the individual defendants' motion to dismiss for lack of standing without prejudice, providing the individual defendants the opportunity to renew such motion after the conclusion of this trial, if so inclined.

### III. Conclusion

For the above-stated reasons, the individual defendant's emergency motion to stay trial is DENIED AS MOOT; the plaintiffs' motion to sever claims against Cheyenne is GRANTED; the individual defendants' motion to dismiss for lack of standing is DENIED AS MOOT; and the individual defendants' amended motion to dismiss for lack of standing is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:     May 29, 2009


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE