IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH LAROSA and DOMINICK LAROSA,

    Plaintiffs,

v.                                      Civil Action No. 1:07CV78
                                                 (STAMP)
ANDREA PECORA, also known as Andrea Fucillo,
JENNIFER LAROSA WARD, CHRIS WARD,
VIRGIL D. LAROSA, SANDRA LAROSA
and CHEYENNE SALES CO., INC.,

    Defendants.

**<u>ORDER REINSTATING PRELIMINARY INJUNCTION</u>**

      On April 29, 2009, this Court entered a memorandum opinion and order granting as framed plaintiffs' motion for preliminary injunction. Specifically, this Court held that the likelihood of irreparable harm to the plaintiffs decidedly outweighed the likelihood of harm to the individual defendants if a preliminary injunction was issued. Further, the plaintiffs established the requisite level of likelihood of success on the merits, and this Court determined that the public interest would be served by the issuance of a preliminary injunction. Because Rule 65(c) of the Federal Rules of Civil Procedure states that "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained," this Court ordered the plaintiffs to post a security bond of $40,000.00. This

injunction expired at the commencement of trial in this matter on May 27, 2009.[1]

Trial in this matter commenced on May 27, 2009. Thereafter, on May 29, 2009, the individual defendants informed this Court that their final witness would not be available to testify until June 8, 2009. The plaintiffs requested that because all other testimony in this case would likely be completed prior to June 8, 2009, requiring this case to be recessed for a brief period of time until the individual defendants' witness became available, this Court reinstate the preliminary injunction previously issued in the April 29, 2009 memorandum opinion and order.

For good cause shown, and for the reasons originally discussed in this Court's April 29, 2009 memorandum opinion and order granting as framed plaintiffs' motion for preliminary injunction, this Court reinstates the preliminary injunction issued in that order. Accordingly, it is hereby DECREED and ORDERED that:

> the individual defendants and/or their agents, servants, employees and all persons acting on their behalf are prohibited and restrained from removing any funds, whether held jointly in whole or in part, from any bank, brokerage firm, or other institution, wherever situated and without limitations, and from encumbering, pledging, selling or otherwise transferring or hypothecating any and all assets, whether held jointly or in whole or in part, wherever situated and without limitations, with the

---

[1]Nevertheless, the plaintiffs indicated that because the Honorable Patrick M. Flatley of the United States Bankruptcy Court for the Northern District of West Virginia issued an order in In re: Cheyenne Sales Company, Inc., Bankruptcy Case No. 2:09-bk-00741, extending the automatic stay applicable to Cheyenne to include the individual defendants, shortly after this Court's order, they never posted the security bond of $40,000.00.

exception of payment for services rendered to or merchandise purchased by the individual defendants in the course of their ordinary day to day personal affairs; and

the individual defendants and/or their agents, servants, employees and all persons acting on their behalf are enjoined, forbidden and restrained from disposing, transferring, encumbering, altering or alienating any and all assets of the individual defendants, with the exception of payment for services rendered to or merchandise purchased by the individual defendants in the course of their ordinary day to day personal affairs; and

the individual defendants should be prepared to submit to the Court, if requested, an accounting showing deposits into and withdrawals from any and all accounts held by them, whether jointly or in whole or in part, and the identity of the transferor and transferee of any deposit or withdraw.

This injunction, unless earlier dissolved, shall expire at the conclusion of trial in this matter.

Pursuant to Rule 65(c) of the Federal Rules of Civil Procedure, and after hearing argument from the plaintiffs and the individual defendants, this Court ORDERS the plaintiffs to post a reduced security bond of $10,000.00.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:  June 1, 2009

/s/Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE