IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH LAROSA and DOMINICK LAROSA,

    Plaintiffs,

v.                               Civil Action No. 1:07CV78
                                                 (STAMP)

ANDREA PECORA, also known as Andrea Fucillo,
JENNIFER LAROSA WARD, CHRIS WARD,
VIRGIL D. LAROSA, SANDRA LAROSA
and CHEYENNE SALES CO., INC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING
INDIVIDUAL DEFENDANTS' MOTION TO STAY
ENTRY OF JUDGMENT BY COURT**

I.   Facts and Procedural History

On or about August 18, 1982, the plaintiffs, Joseph and Dominick LaRosa (the "LaRosa brothers"), loaned $800,000.00 to Virgil Benito[1] and Joan LaRosa (the "debtors"). After the debtors defaulted on this loan, the LaRosa brothers filed suit in the United States District Court for the District of Maryland, ultimately obtaining a judgment (the "Judgment") for $2,844,612.87, plus $10,000.00 in attorney fees and costs.

On September 11, 2002, the LaRosa brothers, in an attempt to execute on the Judgment, filed a certification of judgment for registration in this Court, but all matters concerning this registration action were stayed when the debtors filed for Chapter 11 bankruptcy on November 19, 2003 in In re Estate of Virgil B. LaRosa and Joan LaRosa, No. 03-bk-4115 (the "LaRosa bankruptcy

---

[1] Virgil Benito LaRosa died during the summer of 2006.

case"). The bankruptcy court, however, lifted this stay for the limited purpose of allowing this Court to determine the validity of the Judgment. Accordingly, on January 23, 2004, United States Magistrate Judge John S. Kaull held both that the Judgment was valid and that its registration in this Court was proper.[2] The LaRosa brothers, meanwhile, filed a proof of claim in the amount of $4,507,493.33 in the debtors' bankruptcy action.

On June 12, 2007, the LaRosa brothers filed the above-styled civil action under the West Virginia Uniform Fraudulent Transfers Act ("WVUFTA"), W. Va. Code §§ 40-1A-1 et seq., contending that defendants Andrea Pecora, also known as Andrea Fucillo, Jennifer LaRosa Ward, Chris Ward, Virgil David LaRosa, and Sandra LaRosa (the "individual defendants"), along with Cheyenne Sales Company, Inc. ("Cheyenne"),[3] engaged in, or benefitted from, fraudulent transfers meant to hinder the LaRosa brothers' attempts to satisfy the Maryland Judgment.

Trial in this matter was set for April 6, 2009. On April 2, 2009, however, defendant Cheyenne filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code in the United States District Court for the Northern District

---

[2] The magistrate judge's decision was affirmed by the Fourth Circuit Court of Appeals.

[3] Cheyenne is a coal tipple and cleaning facility located in Upshur County, West Virginia, on real property owned by the debtors' children, who happen to be the individual defendants in this case. Virgil Benito LaRosa was the sole shareholder of Cheyenne stock. Upon his death, the stock is now currently held by his estate.

2

of West Virginia, In re Cheyenne Sales Company, Inc., No. 09-bk-741 (the "Cheyenne bankruptcy case"). Accordingly, pursuant to 11 U.S.C. § 362 of the United States Bankruptcy Code, the present case as against defendant Cheyenne was automatically stayed. After a series of telephone hearings, this Court decided that a continuance of the case was appropriate so that the bankruptcy court had sufficient time to determine whether the automatic stay extended to the individual defendants.

Ultimately, the Honorable Patrick M. Flatley of the United States Bankruptcy Court for the Northern District of West Virginia issued an order in the Cheyenne bankruptcy case, extending the automatic stay applicable to Cheyenne to include the individual defendants. The plaintiff thereafter filed an emergency motion for reconsideration of the bankruptcy court's order, or in the alternative, for entry of an order terminating the stay as to the individual defendants. Following an expedited hearing on the plaintiffs' motion, the bankruptcy court granted the plaintiffs' request to lift the stay as to the individual defendants so that the above-styled civil action could proceed to trial.[4]

From May 27, 2009 through June 1, 2009, and June 8, 2009, this Court held a bench trial in this matter as against the individual defendants.[5] At the end of trial, the parties were directed to

---

[4]The stay as applied to Cheyenne remains.

[5]The claims against defendant Cheyenne were severed by this Court prior to trial after the parties agreed that severance in this case was appropriate.

file closing arguments and proposed findings of fact and conclusions of law, to which the parties timely applied.

On December 16, 2009, however, the parties filed a joint motion for partial order of dismissal as to defendants Andrea Pecora, Jennifer LaRosa Ward, and Chris Ward, indicating that the matters against these defendants had been settled and compromised. The parties expressly advised this Court that the plaintiffs' claims against Virgil David LaRosa and Sandra LaRosa are not dismissed and still need to be resolved by this Court. This Court granted that motion on December 17, 2009.[6]

Currently before this Court is the individual defendants' motion to stay entry of judgment by this Court pending the determination of the amount of money that the plaintiffs have or will obtain through the two bankruptcy proceedings still pending in the Northern District of West Virginia. The plaintiffs filed a response in opposition to which the defendants replied. For the reasons set forth below, this Court denies the individual defendants' motion to stay entry of judgment.

## II. Discussion

In support of their motion to stay, the individual defendants argue that any money or property recovered through the bankruptcy proceedings reduces the amount necessary to satisfy the plaintiffs'

---

[6]This Court also directed the plaintiffs and defendants Virgil David LaRosa and Sandra LaRosa to file revised closing arguments and proposed findings of fact and conclusions of law now that several of the defendants have been dismissed.

4

claims against the debtors, and therefore limits the amount that the plaintiffs can recover in this action. Allowing the plaintiffs to seek the full amount of their claims from the individual defendants in this action, in addition to recovering funds or property in the bankruptcy proceedings, the individual defendants argue, would create essentially a double recovery.

The plaintiffs respond that the individual defendants' motion is premature and speculative. Specifically, they argue that to date, they have only received a net payment of $124,992.79, which is considerably less than their recoverable collection expenses. Furthermore, the plaintiffs concede that they are subject to the long-standing principal of law that an injured party is entitled to only one recovery, but that the right to foreclose upon property in the bankruptcy proceedings does not automatically mean that the LaRosa brothers will see a substantial net recovery from such proceedings.

After thoroughly reviewing the parties' briefs, this Court holds that the individual defendants' motion to stay entry of the judgment must be denied. "A stay is not a matter of right, even if irreparable injury might otherwise result." Niken v. Holder, 129 S. Ct. 1749, 1761 (2009). Rather, it is "an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Indiana State Police Pension Trust v. Chrysler LLC, 129 S. Ct. 2275, 2277 (2009) (internal quotations omitted).

The individual defendants have failed to meet this burden. This Court agrees with the plaintiffs that any suggestion that the LaRosa brothers might realize a substantial net recovery from the bankruptcy proceedings is only speculative. Since this motion was filed, and now several months later, this Court has not received any order or other papers from the parties indicating that the plaintiffs have obtained further recovery through either of the bankruptcy proceedings. To stay a ruling in this action to essentially wait to see if the plaintiffs realize more benefits from the bankruptcy proceedings, therefore, is inappropriate and unduly delays adjudication of the plaintiffs' claims.

Additionally, the plaintiffs concede, and this Court agrees, that they are only entitled to one recovery. See e.g. <u>Bd of Ed. of McDowell County v. Zando, Martin & Milstead</u>, 390 S.E.2d 796, 803 (W. Va. 1990) ("[A] plaintiff is entitled to one, but only one, complete satisfaction for his injury."). Should any award to the plaintiffs be ordered in this case, this Court can consider at that time any set-off or credit that might be available due to then-recovered money or property from the bankruptcy proceedings.

### III. Conclusion

Accordingly, for the reasons stated above, the individual defendants' motion to stay entry of judgment is hereby DENIED.

IT IS SO ORDERED.

6

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    December 22, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE